GOUDY *v.* STATE.

(In Banc.    May 10, 1948.)

[35 So. (2d) 308.    No. 36695.]

**Earle L. Wingo**, of Hattiesburg, for appellant.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant was convicted under an indictment charging him with manslaughter by culpable negligence in the operation of a motor truck.

A horse drawn wagon was traveling south on a graveled country road, the road being about 21 feet wide from ditch to ditch. Appellant was following, going in the same direction, in a motor truck loaded with a cord of wood. When the truck overtook the wagon, the truck was traveling at a speed from 20 to 35 miles per hour, the witnesses differing, as usual, upon the issue of speed. The truck instead of passing the wagon to the left passed to the right, and in so doing struck and killed an eight year old boy who had been walking along by the wagon either to its immediate rear or else by its right hand side and who as the truck was about to pass darted into the right hand open space in the path of the truck.

Two acts of negligence are charged against appellant: (1) That he was guilty of negligence in passing to the right instead of to the left of the wagon, and (2) the brakes on the truck to the appellant's knowledge were worn and defective to the extent that they were practically useless in an emergency.

As to the first charge, appellant defended on testimony that the wagon was making or about to make a turn to the left and that he had the privilege under Section 8184(a), Code 1942, to pass to the right. We think the preponderance of the evidence supports that defense, but conceding for the sake of the argument that it does not, there was no culpable negligence under the surrounding circumstances. We have held that merely driving

on the wrong side of the road is not of itself sufficient to make a case of culpable negligence. Smith v. State. 197 Miss. 802, 20 So. (2d) 701, 161 A. L. R. 1. Within that reason the passing of an overtaken vehicle to the right, when done under circumstances not involving apparent or appreciable danger to human life, is not culpable negligence.

As to the second charge: No case is cited to us, nor with such search as we have had time to make have we found any, which holds that to drive a motor vehicle defective in the respect mentioned, along a country road, will within itself constitute culpable negligence. But if we were to so hold, as to which we intimate no present opinion, the appellant would still not be liable here. Even in civil cases, a defendant is not liable for every consequence which may be remotely traced back to him but only for those which he should reasonably have foreseen as something likely to happen—not for those which might possibly happen but for those which under the circumstances so nearly approached a probability as to be characterized as likely to happen.

A defendant driving a motor vehicle along a country road with no houses in sight is not bound to foresee or prevision that in passing a moving horse drawn wagon a child will dart out into the road from somewhere around the wagon, for while this is possible, it is improbable according to ordinary human observation and experience. This question is sufficiently treated in Klink v. Bany, 207 Iowa 1241, 224 N. W. 540, 65 A. L. R. 187, and in the notes to the report last cited.

Therefore the defendant's responsibility to the little boy in the case now before us did not arise until he saw the child when he darted into the path of defendant's truck or should have seen him in consequence of his duty to keep a look out ahead. There seems to be no substantial dispute that the defendant began his turn to pass the wagon when about ten feet from the wagon, and both the defendant and his co-servant who

was riding on the front seat of the truck with the defendant, testified that they did not see the little boy until the turn was begun and that then the little boy was running to the right from the wagon.

Three boys were riding on the wagon. One of them said the little boy was walking immediately to the rear of the wagon, and two of them place him alongside it on its right, and all three agree that the little boy suddenly ran towards the fence on the right hand side of the road, but just when, in terms of any dependable definiteness, the little boy started to run to the right no state's witness undertakes to say. Thus no factual basis exists in the record for charging defendant with awareness that the boy would likely do as he did until the defendant actually saw him in the act of running to the right as above stated.

Under that state of facts the defendant's truck was within 10 feet of the wagon and could not have been more than 30 feet from the boy when the latter darted out from the wagon, and at that distance the truck would have been upon the child in a second's time—too short within which to have stopped or slowed down the truck, loaded as it was with a cord of wood, even if the brakes had been in perfectly good order; so that the fact that the brakes were defective to the extent that they were useless in such an emergency had no causal connection with the injury and disappears as a factor in the case.

The applicable rule in such a case is stated by this Court in New Orleans & N. E. R. Co. v. Burge, 191 Miss. 303, 311, 2 So. (2d) 825, 826, as follows: "In this, as in all cases, it is necessary to a cause of action on account of negligence that the latter shall have been the proximate, or a contributing, cause of injury to another; and in order that it shall be a proximate or contributing cause it must have been a substantial factor in producing the injury. And an actor's negligent conduct is not a substantial factor in bringing about harm to another if it would have been sustained even if the actor had

not been guilty of the particular negligence charged. 2 Rest. Torts, Section 432. The foregoing statement is particularly applicable in those cases where the actor's negligence consists in the failure to take certain precautions which are required by law for the protection of another's person or chattels. . . . In such a case, if the same harm, both in character and extent, would have been sustained even had the actor taken the required precautions, his failure to do so is not even a perceptible factor in bringing it about and cannot be a substantial factor in producing it. 2 Restatement, Torts, p. 1162.''

Reversed and appellant discharged.